**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BigCommerce, Inc.<br>11305 Four Points Drive<br>Building II, 3rd Floor<br>Austin, TX 78726<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br>20 Massachusetts Ave. NW,<br>Washington, D.C. 20529<br><br>　　　　Defendant. | Case No.: 1:19-cv-3182 |

**COMPLAINT**

**Introduction**

1.　　This is an action brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, *et seq.*, seeking to hold unlawful and set aside the decision of the California Service Center ("CSC") Director of United States Citizenship and Immigration Services ("USCIS") in File No. WAC1917352078 on August 23, 2019, denying BigCommerce, Inc's ("BigCommerce" or "Petitioner" or "Plaintiff") Form I-129, Petition for Nonimmigrant Worker for the benefit of Mr. Janam Thakkar ("Mr. Thakkar") on USCIS's legally erroneous, factually unfounded, and arbitrary conclusion that the job of Lead Analyst, Business Strategy offered to Mr. Thakkar is not a specialty occupation warranting H-1B nonimmigrant visa classification.

2.　　Established in 2009, with its headquarters in Austin, Texas, BigCommerce is a leading designer and developer of e-commerce software that predominantly serves clients that specialize in electronics, fashion, gifts, jewelry, sports, and homeware product sales. On April 11,

1

2019, BigCommerce filed an H-1B visa petition for the benefit of Mr. Thakkar in order to employ him in the specialty occupation of Lead Analyst, Business Strategy. Pursuant to the Immigration and Nationality Act (INA), a United States employer may sponsor a qualified noncitizen to temporarily "perform services … in a specialty occupation." 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1184(c). Employers sponsor qualified noncitizens by submitting Form I-129, Petition for Nonimmigrant Worker, with USCIS seeking H-1B classification for those noncitizens.

3.   In the position of Lead Analyst, Business Strategy, Mr. Thakkar would be employed and paid by BigCommerce in their Austin, Texas office. In support of the initial visa petition and then in response to USCIS's Request for Evidence ("RFE"), BigCommerce submitted substantial documentation and evidence, including, *inter alia*, (1) a letter by Ms. Margie Durham, BigCommerce's Senior Director, People Operations; (2) a detailed job duty chart listing all the duties and responsibilities associated with the position, the percentage of time devoted to each duty, the minimum educational requirements for the duties, and how Mr. Thakkar's education relates to each duty; (3) an expert opinion letter discussing and evaluating the degree requirements expected for the position of Lead Analyst, Business Strategy; and (4) materials from the Occupational Information Network – O*Net – providing statistical data as to the minimum educational requirements, as well as related experience, needed for the corresponding standard occupational classification of "Business Intelligence Analyst." *See* Exhibit A, RFE Response Packet, at 1-6 (identifying all of the exhibits included as part of the RFE response packet).

4.   On August 23, 2019, USCIS denied BigCommerce's H-1B visa petition. The agency found that BigCommerce had failed to establish that the position of Lead Analyst, Business Strategy, which falls within the standard occupational classification of Business Intelligence Analyst, was a specialty occupation, i.e., one that requires a theoretical and practical application

of a body of high specialized knowledge, and the attainment of a bachelor's degree or higher in the specific specialty (or equivalent thereof). *See* Exhibit B, Decision by USCIS.

5.     USCIS's denial of BigCommerce's H-1B petition is fundamentally flawed. USCIS flatly ignores critical evidence in the record, misapplies the applicable law, misinterprets key facts, and references erroneous information unrelated to BigCommerce's visa petition. Such errors are contrary to the requirements for lawful adjudication under the APA and require remedy by this Court. It is vital that USCIS's erroneous determination in this case be rectified not just for BigCommerce and its prospective employee Mr. Thakkar, but also because the issue is fundamental to the proper adjudication of the H-1B temporary worker visa program. Left unchecked by judicial review, USCIS can continue to arbitrarily and erroneously deny such petitions, contrary to governing immigration law and the APA.

## Jurisdiction

6.     This Court has general federal question jurisdiction over the present action pursuant to 8 U.S.C. § 1331 because this is a civil action arising under the Constitution, laws, or treaties of the United States, specifically under INA, 8 U.S.C. § 1101, *et seq.*

7.     Further, pursuant to APA, 5 U.S.C. § 702, *et seq.*, this Court has the authority to review final agency actions and decisions that result in a legal wrong or adverse impact.

8.     Plaintiff may seek judicial review upon denial of its visa petition without any further administrative appeal. *See EG Enterprises, Inc. v. Dep't of Homeland Sec.*, 467 F. Supp. 2d 728, 733 (E.D. Mich. 2006) (exercising jurisdiction upon finding plaintiff was not required to appeal the denial of its H-1B visa petition to the Administrative Appeals Office prior to filing suit; noting USCIS concurrence); *Young v. Reno*, 114 F.3d 879 (9th Cir. 1997) (petitioner was not

required to appeal her visa revocation to the Board of Immigration Appeals prior to seeking review in district court).

## Venue

9. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Columbia, where the Defendant resides and where USCIS is headquartered.

## Parties

10. Plaintiff, BigCommerce, Inc., is a leading designer and developer of e-commerce software whose software-as-a-service platform is utilized by over 50,000 retailers including Facebook, Yahoo!, and eBay. On August 23, 2019, USCIS denied BigCommerce's Form I-129 Petition for a Nonimmigrant Worker filed for on behalf of Beneficiary, Mr. Thakkar.

11. USCIS ("Defendant") is an agency of the United States government residing in the District of Columbia.  Specifically, it is an agency within the U.S. Department of Homeland Security ("DHS"), an executive agency of the United States with responsibilities for administering the INA.  USCIS operates various service centers, including CSC, within the United States that receive and adjudicate petitions submitted by U.S. employers, among other petitioners and applicants.  Among the types of petitions, it has the responsibility to adjudicate is the Form I-129 Petition for Nonimmigrant Worker, such as the one Plaintiff submitted on behalf of Mr. Thakkar.

## Legal Background

12. A United States employer may file an H-1B visa petition for the benefit of a noncitizen worker. 8 U.S.C. § 1184(c). Regulations define the term "United States employer" to mean—

> a person, firm, corporation, contractor, or other association, or organization in the United States which:

    (1) Engages a person to work within the United States;

    (2) Has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it may hire, pay, fire, supervise, or otherwise control the work of any such employee; and

    (3) Has an Internal Revenue Service Tax identification number.

8 C.F.R. § 214.2(h)(4)(ii).

13.    An H-1B nonimmigrant employment visa allows a non-citizen to obtain temporary admission to the United States to "perform services … in a specialty occupation." 8 U.S.C. § 1101(a)(15)(H)(i)(b). A specialty occupation requires:

    (A) theoretical and practical application of a body of highly specialized knowledge, and

    (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

U.S.C. § 1184(i)(1).

To qualify as a specialty occupation, the position must meet one of the following criteria:

    (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

    (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

    (3) The employer normally requires a degree or its equivalent for the position; or

(4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A).

**Factual Allegations**

14. Plaintiff is a United States designer and developer of e-commerce software headquartered in Austin, Texas and with additional offices in San Francisco, California and Sydney, Australia.

15. On April 11, 2019, BigCommerce filed a Form I-129 Petition for Nonimmigrant Worker for the benefit of Mr. Thakkar in order to employ Mr. Thakkar, a citizen and national of India, in the position of Lead Analyst, Business Strategy. In that position, Mr. Thakkar would be employed and paid by BigCommerce in its Austin, Texas office. There, as part of his job duties, Mr. Thakkar would be responsible for producing market intelligence by querying data repositories and generating periodic reports to use in partnership with BigCommerce's finance team for the purpose of analyzing strategy and drive operational improvements. *See* Exhibit A, RFE Response Packet, at 7-11 (BigCommerce's Employer Statement breaking down the proposed duties, percentage of time spent on each duty, minimum educational requirements, and how Mr. Thakkar's education relates to each duty).

16. On May 21, 2019, USCIS issued its RFE. In the RFE, USCIS found that BigCommerce had not established that the position offered to Mr. Thakkar was a specialty occupation because it concluded that BigCommerce failed to provide a thorough description of the job duties, but rather classified the job duties as broad and general. USCIS invited BigCommerce to provide additional information to establish that the position of Lead Analyst, Business Strategy

is a specialty occupation, including the specific duties of the position and nature of BigCommerce's business operations. Among the items and information, the RFE identified for inclusion in a response was an organizational chart identifying Mr. Thakkar's position and role within the BigCommerce company structure as well as who will direct his work. *See* Exhibit A, RFE Response Packet, at 2-4.

17. BigCommerce's burden in this civil proceeding was only to establish by a preponderance of the evidence that it was more likely than not, i.e., greater than 50% probability, that the offered job is a specialty occupation. On August 15, 2019, in timely response to the RFE, and against USCIS's reading of the job description, BigCommerce filed an attorney cover letter and supporting evidence, including the following key documents:

    a. A 6-page Employer Statement signed by Ms. Margie Durham, BigCommerce's Senior Director, People Operations which included a detailed job description showing the duties, percentage of time spent on each duty, specific tasks associated with each duty, and the applicability of Mr. Thakkar's education to each duty. The statement also provided a breakdown of Mr. Thakkar's employment history as well as his educational degrees and background and explained in detail why BigCommerce used the O*Net Code 15-1199 "Computer Occupations, All Other" for the Labor Condition Application rather than the more narrow O*Net Code 15-1199.08 "Business Intelligence Analyst." As part of the statement, Ms. Durham included additional information regarding BigCommerce's business operations in furtherance of the specialty occupation nature of the position of Lead Analyst, Business Strategy. *See* Exhibit A.

    b. An expert opinion letter by Professor Arthur C. McAdams, Ph.D., Chair, Graduate Programs & Senior Lecturer at the University of Bridgeport, along with evidence

of Professor McAdam's credentials and qualifications to issue the said expert opinion letter. Professor McAdams opined on the academic degree requirements expected for the professional position of Lead Analyst, Business Strategy for BigCommerce as well as the specialty occupation nature of the position. Professor McAdams concluded that the position of Lead Analyst, Business Strategy is a specialty occupation and that the duties of the position are specialized; thereby, requiring the practical and theoretical application of a body of highly specialized knowledge. As indicated by Professor McAdams, the position of Lead Analyst, Business Strategy, in view of the complexity of the duties and professional nature of the position, requires a Bachelor's-level education in Business Analytics, Marketing, Finance, Statistics, or the foreign equivalent of those degrees, as the minimum educational requirement.  *Id.*

   c. An organizational chart identifying Mr. Thakkar's position and role within the BigCommerce company structure, including the name of the title of the individual to whom he reports and who directs his work, Mr. Michael Behl, Manager, Strategy & Execution.  BigCommerce also included a copy of Mr. Behl's *curriculum vitae* to show his educational background, experience, and position with BigCommerce.  *Id.*

   d. *Curricula vitae* of similarly situated BigCommerce employees and job applicants, showing their level of educational attainment, i.e., that most individuals holding the position Mr. Thakkar holds and/or otherwise would be covered by the O*Net Code 15-1199 possess a Bachelor's-level education in Business Analytics, Marketing, Finance, Statistics, or the foreign equivalent of those degrees.  *Id.*

18. On August 23, 2019, USCIS issued a decision denying BigCommerce's H-1B petition for the benefit of Mr. Thakkar. The agency found that BigCommerce had failed to establish

8

that the position of Lead Analyst, Business Strategy was a specialty occupation pursuant to 8 C.F.R. § 214.2(h)(4)(iii)(A). Specifically, USCIS found that, in regard to the requirements at 8 C.F.R. § 214.2(h)(4)(iii)(A):

    a.    A bachelor's degree or higher in a specific specialty is not normally the minimum requirement for entry into the occupation of Lead Analyst, Business Strategy, as per USCIS's interpretation of the OOH and the employer statement (letter of support). *See* Exhibit B at 4.

    b.    A bachelor's degree or higher in a specific specialty is not common to the industry in parallel positions among similar organizations. *Id*. at 5.

    c.    The job duties, as described, do not convey the level of uniqueness or complexity that would warrant a bachelor's degree requirement. *Id.*

    d.    BigCommerce failed to establish that it normally requires a specialty degree for the offered position as no evidence was presented to satisfy this criterion. *Id* at 6-7.

    e.    BigCommerce failed to establish that knowledge required to perform specified duties is associated with a degree. *Id* at 7.

19.    As a result of Defendant's action, Plaintiff has been deprived of the employment of Mr. Thakkar and the benefits such employment would bring to its business efforts and objectives.

**Count One**
**Violation of the Administrative Procedure Act**
**5 U.S.C. § 701,** *et seq.*

20.    Plaintiff re-alleges and incorporated herein by reference, as if fully set forth herein, the allegation in Paragraphs 1-19 above.

21.    The APA requires this Court to hold unlawful and set aside any agency action that is—

>   (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
>   (B) contrary to constitutional right, power, privilege, or immunity; [or]
>
>   (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

5 U.S.C. § 706(2).

22. USCIS's conclusion that BigCommerce had "not shown that the proffered position is a specialty occupation" was arbitrary and capricious inasmuch as it is inconsistent with USCIS regulations at 8 C.F.R. § 214.2(h)(4)(iii)(A)(1) as interpreted in *Next Generation Tech., Inc. v. Johnson*, No. 15 cv 5663 (DF), 2017 U.S. Dist. LEXIS 165531, at *30-31 (S.D.N.Y. Sep. 21, 2017) and at least 2,415 decisions of USCIS, all of which stand for the proposition that an occupation is a "specialty occupation" if "most" of the members of that occupation hold a degree in a specialized or related field. It is undisputed that most Lead Analysts, Business Strategy (Business Intelligence Analyst), including Mr. Thakkar, do hold such degrees.

23. USCIS acted arbitrarily, capriciously, and contrary to the law in violation of the APA by denying BigCommerce's H-1B visa petition for the benefit of Mr. Thakkar. In denying BigCommerce's H-1B visa petition, through its finding that BigCommerce did not meet any of the four criteria under 8 C.F.R. § 214.2(h)(4)(iii)(A), USCIS committed errors warranting remedy specifically when the Petitioner is required to meet only one of the four criteria. Indeed, such a decision cannot stand in light of evidence presented before the agency, which, when properly analyzed under the applicable preponderance of the evidence standard, was more than sufficient to establish the existence of a specialty occupation. *See Matter of Chawathe*, 25 I&N Dec. 369, 375 (AAO 2010).

24. First, USCIS failed to properly review the evidence included as part of the RFE response as the agency erroneously refers to Professor McAdams, who teaches at the University of Bridgeport, as a professor from George Fox University. *See* Exhibit B at 7. Furthermore, USCIS erroneously states that according to the professor, the duties of the position of Lead Analyst, Business Strategy require, at a minimum, a Bachelor's degree in Computer Science and Electrical Engineering. *Id.* As the Attorney Cover Letter, Employer Statement, and Expert Opinion Letter from Professor McAdams, clearly state, the position of Lead Analyst, Business Strategy requires, at a minimum, a Bachelor's degree in Business Analytics, Marketing, Finance, Statistics, or the foreign equivalent of those degrees. *See* Exhibit A. In addition to making reference to erroneous information, USCIS failed to discuss several key pieces of evidence submitted as part of the response in its denial. In failing to discuss this evidence, it is clear that USCIS failed to give proper weight to the evidence submitted by BigCommerce. Among the evidence BigCommerce submitted in response to the RFE but not discussed by USCIS is the organizational chart and the *curricula vitae* of several of Mr. Thakkar's team members, including that of Mr. Michael Behl, to whom Mr. Thakkar reports directly, and who possesses a Bachelor of Business Administration in Accounting and Finance. Such facially obvious errors, discrepancies and failures evidence a failure of USCIS to properly review and analyze the evidence submitted as part of the RFE response and calls into question the validity of its decision as erroneous information was used as part of the basis of its denial.

25. Second, USCIS erred in its finding that the position of Lead Analyst, Business Strategy was not complex and unique. In so finding, USCIS ignored the evidence presented, including the detailed Employer Statement which thoroughly broke down the duties of the position and which further identified specific tasks for each duty, as the RFE requested. *See* Exhibit A at

14-19. USCIS erred in its review and analysis of the thorough description of the job duties of the Lead Analyst, Business Strategy position. As part of the basis for its denial, USCIS states that BigCommerce described the duties of the position in generalized terms and also failed to show that the position is so complex or unique that it can only be performed by someone with a Bachelor's degree level education in a specific specialty. *See* Exhibit B at 6. Proper review and analysis of the Employer Statement shows that the position of Lead Analyst, Business Strategy is complex and unique. In addressing USCIS's statement regarding the generalized nature of the duties, BigCommerce emphasizes the fact that, when analyzed as a whole, the duties of the position require the application of such skills and knowledge in Six Sigma (business process improvement strategies/methodologies), key metrics analysis, performance trend analysis, data analysis, ROI analysis, and dashboard design. *See* Exhibit A at 15-18. Thus, the duties do not simply entail general and nondescript "analyzing," "identifying," "developing," and "identifying" as USCIS states in its decision. Next, in addressing USCIS's statement that BigCommerce failed to show that the position is so complex or unique that it requires, at a minimum, a Bachelor's level education, BigCommerce emphasizes the fact that it included a comprehensive chart, as part of the Employer Statement, specifically addressing the applicability of Mr. Thakkar's educational knowledge/background to the duties of the position and connecting each educational component to the required duty. *Id.* USCIS failed to properly review and analyze, in its entirety, the evidence presented with the RFE response as it is evident that the reviewing officer stopped his/her inquiry of the complex and unique nature of the position of Lead Analyst, Business Strategy after reading the first "action" word/verb for each duty as well as entirely disregarded the column discussing the applicability of Mr. Thakkar's educational knowledge/background to the duties of the position. USCIS's failure to consider critical evidence is contrary to the APA.

26. Third, USCIS erred in finding that the record contained insufficient information to establish that the knowledge required to perform the duties of the Lead Analyst, Business Strategy position is associated with the attainment of a bachelor's degree or higher. USCIS failed to consider the evidence submitted as part of the RFE response including the Employer Statement and Expert Opinion Letter from Professor McAdams. Again, the Employer Statement included a comprehensive chart, as part of the Employer Statement, specifically addressing the applicability of Mr. Thakkar's educational knowledge/background to the duties of the position and connecting each educational component to the required duty. More importantly, several parts from Professor McAdams letter, which were entirely disregarded by USCIS, clearly establish that the nature of the duties of the Lead Analyst, Business Strategy position are so specialized and complex that they require the attainment of a bachelor's degree, including:

    a. It is apparent that a Lead Analyst, Business Strategy with the specific duties listed below would be considered a professional position and would normally be filled by a graduate with a minimum of a Bachelor's Degree in Business Analytics, Marketing, Finance, Statistics[.] Such a requirement is necessary in that a college graduate obtains specific knowledge for the complex responsibilities of this position during a college program leading to such degree. *See* Exhibit A at 28.

    b. After examining the responsibilities of this Lead Analyst, Business Strategy position in detail, it becomes apparent that a minimum of a Bachelor's Degree in Business Analytics, Marketing, Finance, Statistics, or a related area, or the equivalent provides the student with the core competencies and skills needed for a Lead Analyst, Business Strategy position. *Id.* at 30.

  c. A student completing a Bachelor's Degree in Business Analytics, Marketing, Finance, Statistics, or a related area, studies and obtains knowledge of the theories and methods that are necessary for performing these daily task of Lead Analyst, Business Strategy for BigCommerce, Inc. *Id.* at 30.

It is clear that the Lead Analyst, Business Strategy position is a professional position with complex duties/responsibilities which requires, at a minimum, a Bachelor's degree in Business Analytics, Marketing, Finance, Statistics, or their foreign equivalent in order to successfully perform its duties. Additionally, it is evident from the *curricula vitae* BigCommerce submitted as part of its RFE response as well as the organizational chart, all of which USCIS failed to mention in its denial, the complex nature of the Company's business operations, as several of Mr. Thakkar's team members, including his direct supervisor, possesses at, a minimum, a bachelor's degree. Mr. Michael Behl, who holds the position of Manager, Strategy & Execution and to whom Mr. Thakkar reports to directly, possesses a Bachelor of Business Administration in Accounting and Finance.

  27. USCIS committed abject failures in its adjudication of Petitioner's petition. It failed to analyze critical, relevant evidence. It assigned improper weight and drew unfounded conclusions and inferences based on the evidence Petitioner submitted. It misapplied or failed to apply the applicable preponderance of the evidence standard. It referenced erroneous and unrelated information in its decision which cast serious doubt as to whether the reviewing officer reviewed all of the evidence submitted or if the reviewing officer selectively chose which evidence to review and which to ignore. Defendant's denial of Plaintiff's petition was arbitrary and capricious, unsound and indefensible, deprived Plaintiff and Mr. Thakkar the immigration benefit for which he was qualified, and cannot stand.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Accept jurisdiction over this action;

(2) Hold Defendant's decision was unlawful under the applicable laws set forth above;

(3) Reverse Defendant's decision and/or order Defendant to approve Plaintiff's I-129 Petition for Nonimmigrant Worker on behalf of Mr. Thakkar;

(4) Grant reasonable attorneys' fees and costs as provided under the Equal Access to Justice Act and the APA;

(5) Grant such further relief as the Court deems just and proper.

Dated: October 23, 2019

                            Respectfully submitted,

                            **JACKSON LEWIS, P.C.**

                            */s/  Forrest G. Read IV*
                            Forrest G. Read IV (Bar No. 494450)
                            3737 Glenwood Avenue, Suite 450
                            Raleigh, NC 27612
                            (919) 760-6460 (Telephone)
                            (919) 760-6461 (Fax)
                            Forrest.Read@jacksonlewis.com

                            Maggie Murphy (*Pro Hac Vice* motion forthcoming)
                            816 Congress Avenue, Suite 1530
                            Austin, Texas 78701
                            (512) 362-7100 (Telephone)
                            (512) 362-5574 (Fax)
                            Maggie.Murphy@jacksonlewis.com

Enrique A. Maciel-Matos (*Pro Hac Vice* motion forthcoming)
816 Congress Avenue, Suite 1530
Austin, Texas 78701
(512) 362-7100 (Telephone)
(512) 362-5574 (Fax)
Enrique.Maciel-Matos@jacksonlewis.com

*COUNSEL FOR PLAINTIFF*

4844-6653-5850, v. 1